[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10893
Non-Argument Calendar

_____

D.C. Docket No. 3:02-cr-00023-CAR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE HARRIS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 4, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Harris, through counsel, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372.  On appeal, Harris asserts that he is entitled to a sentence reduction, notwithstanding his career offender status, because the district court sentenced him "based on" the crack cocaine guideline, U.S.S.G § 2D1.1(c), which was amended by Amendment 750.  Moreover, Harris claims that Congress intended the FSA to apply retroactively, and that the text, history, and purpose of the statute, as characterized by the United States Supreme Court in *Dorsey v. United States*, — U.S. —, 132 S. Ct. 2321 (2012), support the FSA's retroactive application to reduce his sentence.  After a thorough review of the briefs and the record, we affirm the district court's denial of Harris's § 3582(c)(2) motion.

## I.

Harris pleaded guilty, with a written plea agreement, to one count of possession with intent to distribute cocaine base in excess of 50 grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  Harris and the government stipulated that he would be held accountable for more than 50 grams but less than 100 grams of cocaine base.  Prior to sentencing, a probation officer completed a presentence investigation report (PSI), which calculated a base offense level of 32, pursuant to

2

U.S.S.G. § 2D1.1(c)(4).[1]  The PSI added two levels because Harris caused reckless endangerment during flight.  In addition, because he satisfied the provisions of U.S.S.G. § 4B1.1(a), Harris was classified as a career offender and his offense level increased to 37.  After a three-level reduction for acceptance of responsibility, Harris's total offense level was 34 and he was assigned a criminal history category of VI.  Based on a total offense level of 34 and a criminal history of VI, Harris's guideline range was 262 to 327 months' imprisonment.  The offense carried a mandatory minimum term of 10 years' imprisonment and a maximum term of life imprisonment.  21 U.S.C. § 841(b)(1)(A).

On February 27, 2003, the district court adopted the PSI and sentencing guideline applications without change, and sentenced Harris to 262 months in prison.  On July 18, 2006, the district court granted the government's Federal Rule of Civil Procedure 35 motion for a sentence reduction[2] and lowered Harris's sentence to 235 months' imprisonment.

On March 6, 2008, Harris filed a pro se § 3582(c)(2) motion to reduce his sentence.  The district court denied the motion, concluding that Harris was sentenced according to the career offender provision of § 4B1.1(b) and was therefore ineligible for a sentence reduction; the court subsequently denied Harris's

---

[1] The PSI calculated Bell's sentence using the 2002 Sentencing Guidelines.  That version of the Sentencing Guidelines listed Harris's base offense level in § 2D1.1(a)(3).

[2] The government filed its Rule 35 motion in recognition of Harris's cooperation, which led to the investigation and prosecution of other individuals.

motion for reconsideration.  We summarily affirmed the denial of Harris's

§ 3582(c)(2) motion, citing to our recent decision in *United States v. Moore*, 541

F.3d 1323 (11th Cir. 2008).  On February 3, 2012, Harris, proceeding pro se, filed

the instant § 3582(c)(2) motion, later supplemented by appointed counsel.  The

district court denied both motions.  This appeal followed.

## II.

"We review *de novo* a district court's conclusions about the scope of its legal

authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317,

1319 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 568 (2012).  Under

§ 3582(c)(2), a district court may reduce the sentence of "a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission."  18 U.S.C. §

3582(c)(2); *see* U.S.S.G. § 1B1.10(a)(1).  However, the grounds upon which a

district court may reduce a sentence are limited: (1) "[t]he Sentencing Commission

must have amended the Sentencing Guidelines, pursuant to 28 U.S.C. § 994(o)";

(2) the "guidelines amendment must have lowered the defendant's sentencing

range"; and (3) the amendment "must also be one that is listed in U.S.S.G.

§ 1B1.10(c)."  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (per

curiam).  "Where a retroactively applicable guideline amendment reduces a

defendant's base offense level, but does not alter the sentencing range upon which

4

his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330; *see* U.S.S.G. § 1B1.10(a)(2)(B).[3] Amendment 750, which became effective on November 1, 2011, lowered the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750. The amendment did not, however, make any changes to § 4B1.1, the career offender provision. *See id*; *see also Lawson*, 686 F.3d at 1319.

In the instant case, the district court correctly denied Harris's § 3582(c)(2) motion because Amendment 750 did "not alter the sentencing range upon which his . . . sentence was based." *See Moore*, 541 F.3d at 1330. Although Harris was initially assigned a base offense level under § 2D1.1, his total offense level and guideline range were based on his status as a career offender under § 4B1.1, which resulted in the automatic assignment of an offense level of 37 and criminal history category of VI, as well as the corresponding guideline range.

Moreover, we are bound by our prior precedent, and have held that neither the plurality nor concurring opinions in *Freeman* have any applicability to cases where a defendant was assigned a base offense level under one guideline section, but ultimately sentenced as a career offender under § 4B1.1. *See Lawson*, 686 F.3d

---

[3] We held in *Lawson* that, despite the Supreme Court's plurality opinion in *Freeman v. United States*, — U.S. —, 131 S. Ct. 2685 (2011), *Moore* is still controlling law in this circuit. *Lawson*, 686 F.3d at 1321 ("*Moore* remains binding precedent because it has not been overruled.").

at 1321; *see also United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (holding that we "may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting en banc or by the Supreme Court" (internal quotation marks omitted)).  In *Lawson*, we held that *Freeman* did not abrogate our prior holding in *Moore*—that defendants sentenced as career offenders, pursuant to § 4B1.1, were not entitled to § 3582(c)(2) sentence reductions where their guideline ranges were unaffected by a retroactive amendment.  *Lawson*, 686 F.3d at 1320–21.  Thus, the district court properly determined that § 3582(c)(2) did not authorize a reduction in Harris's sentence. *See id.*

Next, regarding Harris's argument that he is eligible for a § 3582(c)(2) reduction based on the FSA, we conclude that he is not entitled to relief, as demonstrated by our recent decisions in *Berry* and *United States v. Hippolyte*, 712 F.3d 535, 542 (2013), *cert. filed*, — U.S.L.W. — (U.S. June 12, 2013) (No. 12-10828).  First, the FSA is not an amendment to the Guidelines by the Sentencing Commission and thus, it cannot serve as a basis for a § 3582(c)(2) sentence reduction in Harris's case.  *See Berry*, 701 F.3d at 377.  In any event, even assuming that Harris could raise his FSA claim in a § 3582(c)(2) motion, his claim fails because he was sentenced in 2003, before the August 3, 2010 effective date of the FSA; therefore, Harris cannot benefit from the FSA's lower statutory

mandatory minimum provisions.  *See Hippolyte*, 712 F.3d at 542.  Moreover, contrary to Harris's assertion, *Dorsey* did not suggest that the FSA's new statutory penalties should apply retroactively to defendants who were sentenced before the FSA's effective date.  *See Hippolyte*, 712 F.3d at 542; *Berry*, 701 F.3d at 377–78 (providing that "*Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced long before the FSA's effective date").  Accordingly, we affirm.

**AFFIRMED.**